# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| JEAN ANGLIN and GENE ANGLIN,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY FACILITIES MANAGEMENT (FL) LLC, and WINN DIXIE STORES, INC., d/b/a WINN DIXIE STORE NUMBER 19,<br><br>    Defendants. | 2:22-CV-58 |

**ORDER**

Before the Court is Defendant City Facilities Management's ("Defendant CFM") motion to dismiss.  Dkt. No. 11.  After reviewing the briefs and holding a hearing, the Court **DENIES** the motion.

**BACKGROUND**

This case arises out of personal injuries Plaintiff Jean Anglin ("Plaintiff")[1] sustained in a fall after automatic sliding doors (the "Doors") at her local Winn-Dixie store on St. Simons Island, Georgia (the "Store"), closed on her.  Dkt. No. 7 ¶¶ 1, 4,

---

[1] Because the majority of the claims brought in this case arise out of Plaintiff Jean Anglin's fall, we refer to her throughout this order as "Plaintiff."  Plaintiff's husband, Plaintiff Gene Anglin, asserts an independent claim for loss of consortium stemming from Plaintiff's injuries.

6. On June 24, 2020, Plaintiff went to the Store to purchase merchandise. Id. ¶ 5. As Plaintiff exited the Store, the sliding doors (the "Doors") began to close while she was in the doorway, striking her and knocking her to the ground. Id. ¶ 6. Plaintiff contends she suffered injuries as a result of her fall, including a fractured left ankle. Id. ¶¶ 7-11.

On June 23, 2022, Plaintiff filed this action against Defendants CFM and Winn Dixie Stores, Inc. Dkt. No. 1. On August 4, 2022, Defendant CFM moved to dismiss Plaintiff's complaint. Dkt. No. 6. On August 18, 2022, Plaintiff timely filed an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). Dkt. No. 7. Because the amended complaint supersedes the original complaint, the Court denied as moot Defendant CFM's original motion to dismiss. Dkt. No. 9. Plaintiff's amended complaint is largely similar to her original complaint—the only substantive difference being the addition of two paragraphs alleging an additional cause of action against Defendant CFM. Compare Dkt. No. 1 with Dkt. No. 7. Now before the Court is Defendant CFM's second motion to dismiss, wherein it argues that Plaintiff's amended complaint fails to state a claim because her allegations are threadbare and conclusory, and that Plaintiff is not entitled to recovery because she is not an intended third-party beneficiary to the contract between Defendant CFM and Defendant Winn Dixie. See generally Dkt. No. 11.

**STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). The Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79.

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. The court need not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

## DISCUSSION

Plaintiff alleges Defendant CFM: (1) negligently maintained and/or repaired the Doors "and the accompanying components,

4

motors, control devices and sensors which [Defendant CFM] had repaired, adjusted, installed or maintained," dkt. no. 7 ¶ 18; and (2) negligently failed to place warnings on the Doors to adequately inform persons near the Doors that they might close while a person was within the threshold, id. ¶ 19.

It is well established that to state a negligence claim under Georgia law, "Plaintiff must show duty, breach, causation, and damages." Collins v. Athens Orthopedic Clinic, P.A., 837 S.E.2d 310, 312 (Ga. 2019). "Whether a duty exists upon which liability can be based is a question of law." Strozier v. Herc Rentals, Inc., No. 1:19-CV-01083, 2022 WL 975602, at *3 (N.D. Ga. Mar. 31, 2022) (quoting City of Rome v. Jordan, 426 S.E.2d 861, 862 (Ga. 1993)). "If a defendant owes no legal duty to the plaintiff, there is no cause of action in negligence." Dupree v. Keller Indus., Inc., 404 S.E.2d 291, 294 (Ga. Ct. App. 1991) (citing Washington v. Combustion Eng'g, 284 S.E.2d 61 at 63 (Ga. Ct. App. 1981)). Moreover, "[n]o matter how innocent the plaintiff may be, he is not entitled to recover unless the defendant did something that it should not have done, or failed to do something that it should have done pursuant to the duty owed the plaintiff." City of Douglasville v. Queen, 514 S.E.2d 195, 197-98 (Ga. 1999) (alterations accepted) (quoting Veterans Org. of Fort Oglethorpe v. Potter, 141 S.E.2d 230 (Ga. Ct. App. 1965)).

5

Furthermore, "proximate cause is an essential element of the plaintiff's case regardless of whether the plaintiff proceeds under a theory of negligence or strict liability." John Crane, Inc. v. Jones, 604 S.E.2d 822, 826 (Ga. 2004); see also Tyner v. Matta-Troncoso, 826 S.E.2d 100, 104 (Ga. 2019) ("Inextricably entwined with concepts of negligence and proximate cause is a notion of foreseeability, the idea that a defendant could reasonably foresee that an injury would result from his act or omission." (citations omitted)).

Under Georgia law, an owner or occupier of land "owes its invitees a duty to exercise ordinary care in keeping the premises and approaches safe. A proprietor is not the insurer of the safety of its invitees, but it is bound to exercise ordinary care to protect its invitees from unreasonable risks of which it has superior knowledge." Fair v. CV Underground, LLC, 798 S.E.2d 358, 362 (Ga. Ct. App. 2017) (citations omitted); Morgan v. Am. Airlines, Inc., No. 1:21-CV-04449-SDG, 2022 WL 4588411, at *2 (N.D. Ga. Sept. 29, 2022). This duty "includes inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises." Robinson v. Kroger Co., 493 S.E.2d 403, 408-09 (Ga. 1997). In short, the basis for liability to an invitee "is the superior knowledge of

6

the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm." Kmart Corp. v. Morris, 555 S.E.2d 106, 109 (Ga. Ct. App. 2001) (quoting Zellers v. Theater of the Stars, 319 S.E.2d 553, 555 (Ga. Ct. App. 1984)).

In the premises liability context, "an owner who has either actual or constructive knowledge of defects or dangers on the premises has a duty to warn others coming on the premises who do not have knowledge of the defects and/or dangers and who through the exercise of ordinary care would not discover them." Murphy v. Blue Bird Body Co., 429 S.E.2d 530, 534 (Ga. Ct. App. 1993) (citing Amear v. Hall, 296 S.E.2d 611, 614 (Ga. Ct. App. 1982)). "Liability does not extend from ownership alone, but only from the breach of this duty." Id. (citing Amear, 296 S.E.2d at 614).

Furthermore, this duty to invitees is "nondelegable." Simmons v. Universal Prot. Servs., LLC, 825 S.E.2d 858, 861 (Ga. Ct. App. 2019); O.C.G.A. § 51-3-1. And "the duty imposed upon an owner or occupier of land by [O.C.G.A.] § 51-3-1 is inapplicable to an independent contractor." Simmons, 835 S.E.2d at 861 (quoting R&S Farms, Inc. v. Butler, 575 S.E.2d 644, 646 (Ga. Ct. App. 2002)). However, "when the law imposes a duty to the public, an independent contractor may contractually assume such duty, so that a breach of the contractual duties may give rise to damages for personal injury." R&S Farms, Inc., 575 S.E.2d at 646. Moreover,

in personal injury cases, an injured party may not recover as a third-party beneficiary for failure to perform a duty imposed by a contract unless it is apparent from the language of the agreement that the contracting parties intended to confer a direct benefit upon the plaintiff to protect [her] *from physical injury*.

Simmons, 825 S.E.2d at 861 (determining the intended purpose of the contract "when considered in its entirety" was primarily the provision of security services and not the protection of third party patrons (quoting R&S Farms, Inc., 575 S.E.2d at 646-647 (analyzing the contract between a janitorial services company and a Kroger store and concluding the contract did not provide for "or even suggest" its intention was to protect third parties from physical injury))). Alternatively, an independent contractor can be liable where the owner or occupier "surrenders 'full possession and complete control'" to the independent contractor. Carpenter v. Sun Valley Props., LLC, 645 S.E.2d 35, 37 (Ga. Ct. App. 2007) (quoting Towles v. Cox, 351 S.E.2d 718, 720 (Ga. Ct. App. 1986)).

**A. Plaintiff adequately alleges a negligent maintenance and repair claim against Defendant CFM.**

Despite Defendant CFM's insistence that Plaintiff has not stated the "who, what, when, and where" supporting her claims, dkt. no. 11 at 5-7, Plaintiff has done so. Plaintiff adequately

8

alleges that "the who" is both Defendant CFM and Plaintiff. Dkt. No. 7 ¶ 17. The "what" is the fact that the Doors "began to close while Plaintiff was in said doorway," which was allegedly caused by Defendant CFM's negligent maintenance and repair of the Doors and its "accompanying components, motors, control devices and sensors" which Defendant CFM "had repaired, adjusted, installed, or maintained" pursuant to a contract with Defendant Winn Dixie. Id. ¶¶ 6, 17, 18. The "when" is during the contractual period, before and leading up to Plaintiff's fall on June 24, 2020. Id. ¶¶ 5-6, 17. The "where" is the Store. Id. ¶¶ 6, 17.

Moreover, Plaintiff also adequately alleges that her injuries were a result of the "what." See id. ¶¶ 6, 18, 20 (alleging that "as Plaintiff was leaving [the Store] through the [Doors] to return to her car, the [Doors] began to close while Plaintiff was in said doorway, thereby violently striking the Plaintiff and knocking her to the floor;" "The Defendant [CFM] is also liable because of its negligence in maintaining and/or repairing the aforesaid [D]oors and the accompanying components motors, control devices, and sensors which [Defendant CFM] had repaired, adjusted, installed, or maintained;" and "The negligence of [Defendant CFM] was a contributing proximate cause of the[] injuries to [Plaintiff]"). Thus, Defendant CFM's insistence that these allegations are insufficient to put it on notice of what "it allegedly did wrong, . . . when it allegedly acted improperly, [and] how this alleged

9

negligence actually caused [Plaintiff's] injuries," is mistaken. Dkt. No. 11 at 5. This is not a case where the Complaint is filled with "unadorned, the-defendant-unlawfully-harmed-me accusation[s]". Iqbal, 556 U.S. at 678. Instead, Plaintiff's allegations give Defendant CFM adequate notice of "the conduct that forms the basis" of her claims—namely, that CFM's maintenance of and repair work on the Doors and the accompanying parts, pursuant to a contract with Defendant Winn Dixie—which is presumably in Defendant CFM's possession—was performed negligently and resulted in the Doors closing on Plaintiff when she was leaving the Store on June 24, 2020. Franklin v. Curry, 738 F.3d 1246, 1250 (11th Cir. 2013). The facts alleged in Plaintiff's amended complaint are plausible and raise a reasonable expectation that discovery could produce proof of Defendant CFM's liability. Twombly, 550 U.S. at 556. Thus, Defendant CFM's motion to dismiss Plaintiff's negligent maintenance and repair claim is **DENIED**.

  B. **Plaintiff adequately alleges a negligent failure-to-warn claim.**

Plaintiff's failure-to-warn allegations are more than a mere recitation of the elements of the cause of action. Iqbal, 556 U.S. at 662. While short, Plaintiff's failure-to-warn claim sufficiently alleges "what danger [Defendant CFM] was supposed to warn others about, what [Defendant] CFM had to do (if anything)

10

with this alleged danger, and why [Defendant] CFM has an obligation to warn others in the first instance." Dkt. No. 11 at 7.

First, Plaintiff's allegations make clear that the "danger" about which Defendant CFM was supposed to warn others is the possibility that "the [D]oors might close while a person was within the threshold of the [D]oors." Dkt. No. 7 ¶ 19. Second, Plaintiff's allegations also make clear that Defendant CFM failed to "plac[e] warnings on the [D]oors." Id. And finally, Plaintiff alleges that Defendant CFM had a duty to so warn because of its contract with Defendant Winn Dixie. Id. ¶ 17. Defendant CFM insists that Plaintiff cannot "recover on a contract to which Plaintiffs were not alleged to have been either parties or third[-]party beneficiaries." Dkt. No. 11 at 8. However, the only cases Defendant CFM cites for support are summary judgment cases. Id. at 8-9 (first citing Pappas Restaurants, Inc. v. Welch, 867 S.E.2d 155, 164-65 (Ga. Ct. App. 2021); and then citing Simmons, 825 S.E.2d at 861). What's more, making this determination necessarily requires the Court to analyze the terms of the contract itself. See Simmons, 825 S.E.2d at 862 (holding the injured party could not recover under a third-party beneficiary theory, in part, because "[h]ere, neither [of the defendants] contractually promised to inspect the premises or warn others of a tripping hazard, such as the mat. Nor is there any express language in the contract indicating an intent to create third-party beneficiaries

11

to the contract."). Thus, resolution of this issue on a motion to dismiss, without the benefit of the terms of the contract, is premature. Accordingly, Defendant CFM's motion to dismiss Plaintiff's failure-to-warn claim is **DENIED**.

## CONCLUSION

For these reasons, Defendant CFM's motion to dismiss, dkt. no. 11, is **DENIED**.

**SO ORDERED** this 8th day of March, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA